Filed 10/29/14  P. v. Moreno CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JORGE MORENO, JR.,<br><br>    Defendant and Appellant. | F067645<br><br>(Super. Ct. No. VCF273755)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Valeriano Saucedo, Judge.

Carol Foster and Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Kane, Acting P.J., Franson, J. and Peña, J.

# PROCEDURAL SUMMARY

*Criminal Complaint*

Appellant, Jorge Moreno, Jr., was charged on September 28, 2012, in a complaint with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a), count 1),[1] being a felon carrying a concealed firearm (§ 25400, subd. (c)(1), count 2), and being a felon carrying a loaded firearm (§ 25850, subd. (c)(1), count 3). The complaint alleged two prior prison term enhancements (§ 667.5, subd. (b)) and a prior serious felony conviction for discharging a firearm into an inhabited building, vehicle, or aircraft (§ 246) pursuant to the three strikes law (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)).

*First Marsden Motion*

On October 12, 2012, the trial court conducted a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). Appellant complained to the court that his counsel, Timothy Rote with the public defender's office, told appellant that he was a bad attorney and appellant did not feel Rote was able to provide adequate representation. There was a plea offer for 13 months. Appellant wanted to make a counteroffer for less time. According to appellant, Rote said that deal would not work and he did not have time to go over appellant's case. Rote had no recollection of some of the things stated by appellant.

Rote said he never told appellant that Rote did not have enough time to talk to him. Rote stated he talked to appellant about the factual scenario of the stop of appellant by an officer and saw no problems with the stop. Rote explained to appellant that his strike offense was relatively recent and appellant was still on parole for that offense. The trial court did not find a breakdown in the attorney-client relationship and denied the *Marsden* motion.

---

[1] Unless otherwise designated, all statutory references are to the Penal Code.

*Change of Plea Hearing*

On March 27, 2013, appellant's counsel, Mary Moss with the public defender's office, represented to the court that she shared with appellant the sentencing transcript from his 2008 conviction showing that appellant was convicted of a violation of section 246, a strike conviction, and appellant understood that he had a prior strike conviction.[2] Moss explained that appellant was asking the court to consider striking the allegation that he had a prior serious felony conviction. The court stated it read the sentencing transcript from the section 246 conviction, dated May 13, 2008, as well as the recommendation of the probation officer.

The court noted that Judge Vortmann, who presided over that sentencing hearing, expressed very strong concern about appellant's behavior in the earlier case and that a gun had been used. The court told appellant it was not inclined to strike the allegation that appellant had a prior serious felony within the meaning of the three strikes law. The court explained that under the plea agreement, the court would impose a sentence of 16 months in this case, doubled to 32 months pursuant to the three strikes law. The court left it up to appellant whether to accept the plea bargain offer.

Ms. Moss indicated appellant would accept the plea bargain with a sentence of 32 months. The prosecutor moved to dismiss counts 2 and 3. The court informed appellant of the consequences of his plea, including the immigration consequences. Ms. Moss indicated to the court that she had informed appellant of the immigration consequences of the plea.

The court advised appellant of, and appellant waived, his constitutional rights pursuant to *Boykin/Tahl*.[3] Ms. Moss indicated she had adequate time and had discussed

---

[2]     A violation of section 246 is defined as a serious felony in section 1192.7, subdivision (c)(33), qualifying it as a strike offense under the three strikes law.

[3]     *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

with appellant his rights, defenses, and possible consequences of his change of plea. Ms. Moss indicated appellant understood his rights.

The trial court found a factual basis for the plea without objection by appellant. Ms. Moss indicated that she consented to the change of plea and all of the representations made in open court by appellant. Appellant pled no contest to count 1 and admitted that on May 13, 2008, he was convicted of section 246, a strike offense.[4] The court dismissed counts 2 and 3 pursuant to the terms of the plea agreement.

### Second Marsden Motion

On May 17, 2013, appellant brought a second *Marsden* motion on the date also set for sentencing. Appellant claimed that his counsel, Ms. Moss, was ineffective because appellant was trying to file a "Kravis motion" based on paperwork from his parole stipulating that there was no verification that he had a prior qualifying strike conviction under the three strikes law. Appellant said that Moss and Rote said they were going to file a "Kravis motion" but they did not feel it was then necessary to do so.

Appellant wanted to appear before the original judge who took his plea on the section 246 violation because appellant thought he had entered a plea admitting a violation of section 245 instead. Appellant believed this was supported by a legal summary sheet from his parole paperwork. The court noted it was reading the transcript from appellant's change of plea hearing on March 27, 2013. The court explained to appellant that there was a discussion during the change of plea hearing concerning whether appellant suffered a strike and whether the court would strike it and impose only a 16-month sentence.

After reading large portions of the hearing transcript into the record, the court told appellant that it gave appellant the opportunity to accept the sentence of 32 months, or to

---

**4** Although they were not part of the plea bargain, appellant also admitted the two prior prison term enhancements. Following the terms of the plea agreement, no sentence was imposed on these admissions.

proceed otherwise. The court noted documents from appellant's 2008 conviction were available and were consulted and they established that appellant was convicted of section 246, a strike. The court questioned appellant's assertion of ineffective assistance of counsel because Ms. Moss relied on the same information available to the court.

Ms. Moss explained that when appellant was placed on parole for his 2008 conviction for a violation of section 246, a mistake was made in the paperwork. The error showed appellant receiving half-time credits that he was not entitled to receive. This mistake, however, did not change what the trial court said on the record when appellant was sentenced on the strike offense. Ms. Moss also had the transcripts from the change of plea hearing and sentencing hearings in 2008 and went over them with appellant. After researching the issue, Ms. Moss found no legal basis for filing a motion.

The court noted Ms. Moss had investigated the facts and the law and she fully complied with her legal and ethical responsibilities. The court told appellant that unless appellant could offer anything else, it was going to deny the *Marsden* motion. Appellant said he still believed his conviction was for a violation of section 245. Ms. Moss stated that appellant was clearly convicted of violating section 246 according to the court record from 2008. Appellant offered nothing further and the trial court denied the *Marsden* motion.

### Sentencing

After denying appellant's *Marsden* motion, the court sentenced appellant to state prison for 32 months according to the terms of the plea agreement. Appellant received credits of 212 days for being in custody, 212 days of conduct credits, and total custody credits of 424 days. The court imposed a restitution fine of $400, as well as other fines, penalties, and fees. On May 24, 2013, the court determined that appellant had credits of

5.

241 days for being in custody, and 240 days of conduct credits, and total custody credits of 481 days.[5]  Appellant obtained a certificate of probable cause.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

*Facts*

At 11:20 a.m. on September 26, 2012, a citizen advised the Gang Suppression Detail of the Tulare Police Department that she saw a Hispanic male run from the area when the police arrived.  The citizen believed the man was carrying something.  A Hispanic male matching the description was located a short distance away riding a bicycle and acting suspiciously.  The officers activated the emergency lights of their patrol car and requested to speak to the man, who turned out to be appellant.

Appellant declined saying he did not wish to talk to the officers.  One of the officers recognized appellant and knew he was on parole based on prior contacts.  Officers chased appellant on foot and forcibly removed him from the bicycle after appellant refused to comply with directives to stop.  After searching appellant, the officers found a Glock 19 in appellant's left front pants pocket and a small amount of marijuana.  Appellant made spontaneous statements about possessing the firearm because he did not feel safe on the streets.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*Wende*, *supra*, 25 Cal.3d 436.)  The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his

---

[5]     Although the trial court conducted a hearing indicating that appellant had total custody credits of 481 days, the abstract of judgment was not corrected and states that appellant's total custody credits are 424 days.  This is a clerical error.  Clerical errors can be corrected at any time, including on appeal.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *In re Candelario* (1970) 3 Cal.3d 702, 705.)

own brief with this court.  By letter on September 27, 2013, we invited appellant to submit additional briefing.  To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The case is remanded for the trial court to prepare an amended abstract of judgment showing that appellant's total custody credits are 481 days and to forward the amended abstract of judgment to the appropriate authorities.  The judgment is affirmed.